Alex Coolman (CBN 250911)
3268 Governor Drive #390
San Diego, CA 92122
T: (619) 831-7129
E-mail: alex@coolmanlaw.com

Attorney for Plaintiffs
CHEN-CHEN HWANG and
JIUN-TSONG WU

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHEN-CHEN HWANG and JIUN-TSONG WU,** | **Case No.:** |
| **Plaintiffs,** | **COMPLAINT FOR DAMAGES** |
| | **1. Violation of 4th Amendment via unreasonable search and seizure [42 U.S.C. § 1983]** |
| **vs.** | **2. Bane Act [Cal. Civ. Code § 52.1]** |
| | **DEMAND FOR JURY TRIAL** |
| **SERGEANT JULIO OLGUIN, and DOES 1 THROUGH 20.** | |
| **Defendants.** | |

## JURISDICTION AND VENUE

1.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, and arises under 42 U.S.C. § 1983. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

2.      Venue is proper in the Central District of California because the acts or omissions that form the basis of Plaintiffs' claims occurred in Lake Elsinore, California.

3.      Plaintiffs filed a timely tort claim against Riverside County on December 14, 2021.  The County denied that tort claim on January 18, 2022.

## **PARTIES**

4.    Plaintiffs CHEN-CHEN HWANG and JIUN-TSONG WU are residents of Lake Elsinore.

5.    At all times material herein, SERGEANT JULIO OLGUIN and DOES 1 THROUGH 20 were employees of the Riverside County Sheriff's Department. The defendants are sued here in their individual capacity. They were acting under color of law at all times relevant to this complaint.

6.    The true names of Defendants DOES 1 THROUGH 20 are not now known to Plaintiffs, who therefore sue said Defendants by such fictitious names, but upon ascertaining the true name of a DOE Defendant, Plaintiffs will amend this complaint, or seek leave to do so, by substituting same for said fictitious name.

## **FACTUAL ALLEGATIONS**

7.    CHEN-CHEN HWANG and JIUN-TSONG WU are a retired, married couple.  HWANG, who is 67, had a career as a pharmacist and WU, who is 74, had a career as an aerospace engineer. They own two well-kept homes in a quiet Lake Elsinore subdivision, at 53030 Lyda Street and 52998 Carrousel Court.



**Above:** Ms. Hwang and Mr. Wu in front of their Lyda Street home.

_____
2
COMPLAINT FOR DAMAGES

8.      On the afternoon of August 5, 2021, members of the Riverside County Sheriff's Department dressed in green fatigues and tactical gear performed warrantless searches on both the Lyda Street and the Carrousel Court homes.

9.      At Lyda Street, where nobody was home, SERGEANT OLGUIN and DOES 1 THROUGH 20 entered a side yard that was secured by a locked gate and used a battering ram to break down the side door into the garage.  From there, SERGEANT OLGUIN and DOES 1 THROUGH 20 broke down the interior door between the garage and the home and rummaged through the entire home for several hours. During that search, deputies also broke through and destroyed a door into an interior closet in a bedroom.

10.      After the house at Lyda Street had been entered and searched for some period of time, members of the Riverside County Sheriff's Department approached the Carrousel Court home and repeatedly pounded on the door.

11.      HWANG, who was inside the Carrousel Court home at the time, thought the deputies were soldiers because of the way they were dressed. HWANG came outside in response to the pounding and asked the deputies if there was any problem.

12.       DOES 1-20, led by SERGEANT OLGUIN, told HWANG that they had been to the Lyda Street home and had damaged property at that home because "someone" had informed them that the house was being used to grow marijuana.

13.      SERGEANT OLGUIN insisted on coming inside to talk to HWANG.

14.      Believing she was being directly accused of a crime by a group of uniformed deputies and that she was not free to terminate the encounter, HWANG agreed to let SERGEANT OLGUIN and DOES 1 THROUGH 20 come into the Carrousel Court home to speak with her.

15.      HWANG did not give anyone permission to search the Carrousel Court home.  Nevertheless, while HWANG spoke with SERGEANT OLGUIN, DOE 1 took out a camera and began photographing the home and then went away

_____3_____
COMPLAINT FOR DAMAGES

from the kitchen area where HWANG was speaking with SERGEANT OLGUIN, down a 15-foot hallway, and through a closed door into the garage of Carrousel Court to perform a warrantless search of that space for 12 to 15 minutes.

16.     The deputies then brought HWANG to the Lyda Street home, which was still being searched.

17.     At some, point, HWANG called WU, who was away from the home during the searches.

18.     WU spoke on the phone with SERGEANT OLGUIN about what was going on and asked the deputies to leave the house.  In this conversation, SERGEANT OLGUIN admitted that the searches of the homes were illegal.

19.     Neighbors watched and documented this process as uniformed deputies combed through the property of HWANG and WU and wandered in and out of their homes for hours.

20.     The Defendants' destruction of several doors and door frames at the Lyda Street home created damage the repair of which is estimated to cost nearly $6,000 before tax.

21.     No evidence of any crime was found in any of these searches.

22.     The Defendants created no incident report for what occurred, in spite of the substantial manpower that was dedicated to this operation and the substantial impact it had on Plaintiffs.

### FIRST CAUSE OF ACTION

### 42 U.S.C. § 1983, Unreasonable Search and Seizure

23.     Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 22 of this complaint and make each a part hereof as if set forth in full.

24.     Defendants SERGEANT OLGUIN and DOES 1 THROUGH 20 violated Plaintiffs' rights as guaranteed by the Fourth Amendment to the United Sates Constitution by conducting a warrantless search of both of their homes that

_____
4
COMPLAINT FOR DAMAGES

was not supported by any exigency, consent, or any other exception to the warrant requirement.

25.    Defendants SERGEANT OLGUIN and DOES 1 THROUGH 20 also unreasonably detained HWANG, in violation of her rights guaranteed by the Fourth Amendment to the United States Constitution, by accosting her while armed and in uniform, directly accusing her of being involved in the cultivation of marijuana, and insisting that they be admitted to the home at Carrousel Court.

26.    As a result, HWANG and WU are entitled to damages pursuant to Tile 42 U.S.C. § 1983 in an amount to be proven at trial.

27.    The acts of the Defendants caused fear, anxiety, inconvenience, humiliation, and embarrassment to HWANG and WU, and caused nearly $6,000 in damage to their property, before tax, for which they are entitled to general and compensatory damages in an amount to be proven at trial.

28.    Additionally, in committing the acts alleged above, SERGEANT OLGUIN and DOES 1 THROUGH 20 acted maliciously and/or were guilty of a wanton and reckless disregard for the basic legal rights of Plaintiffs, and by reason therefore Plaintiffs are entitled to exemplary and punitive damages in an amount to be proven at trial.

### SECOND CAUSE OF ACTION
### Cal. Civ. Code § 52.1, Bane Act

29.    Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 28 of this complaint and make each a part hereof as if set forth in full.

30.    The unreasonable searches and unreasonable seizure described in paragraphs 1 through 28 violated Plaintiffs' rights guaranteed by the California Constitution (Article I, Section 13) and the Fourth Amendment to the United States Constitution. These acts were committed by threats, intimidation, and/or coercion, including but not limited to the armed, uniformed defendants directly accusing

COMPLAINT FOR DAMAGES

1  HWANG of cultivating marijuana, using that accusation to demand entry into

2  Carrousel Court, and then searching the house without consent.

3        31.    As a result of these acts, Plaintiffs suffered the injuries discussed

4  above, entitling them to damages in an amount to be proven at trial.

5        32.    In committing the acts discussed above, SERGEANT OLGUIN and

6  DOES 1 THROUGH 20 acted maliciously and/or oppressively and were guilty of a

7  wanton and reckless disregard for the rights, feelings, and safety of Plaintiffs, and

8  by reason therefore Plaintiffs are entitled to exemplary and punitive damages in an

9  amount to be proven at trial.

10

## **PRAYER FOR RELIEF**

11

12  WHEREFORE, Plaintiffs pray as follows:

13     1.  For general and special damages in an amount to be proved;

14     2.  For punitive damages against SERGEANT OLGUIN and DOES 1

15         THROUGH 20;

16     3.  For reasonable attorney fees and costs of suit and interest incurred herein;

17         and

18     4.  Any other relief that this Court deems proper.

19  Dated: March 9, 2022                    _____/s/Alex Coolman
                                            Alex Coolman
20                                          Attorney for Plaintiffs
                                            CHEN-CHEN HWANG and
21                                          JIUN-TSONG WU

22

23        Plaintiffs hereby request a jury trial in this action.

24

25  Dated: March 9, 2022                    _____/s/Alex Coolman
                                            Alex Coolman
26                                          Attorney for Plaintiffs
                                            CHEN-CHEN HWANG and
27                                          JIUN-TSONG WU

28

COMPLAINT FOR DAMAGES